UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANDRE MAURICE BAKER,

       Petitioner,

v.                                                        Civil No. 2:24cv309
                                                          Criminal No. 2:22cr71

UNITED STATES OF AMERICA,

       Respondent.

<u>OPINION AND ORDER</u>

This matter is before the Court on Andre Maurice Baker's ("Petitioner") <u>pro</u> <u>se</u> motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.   ECF No. 83, 97.[1]   The Government filed a response in the form of a "motion to dismiss" that requests dismissal of Petitioner's claims and alternatively argues that such claims fail on the merits. ECF No. 99. Petitioner has submitted a reply in opposition to dismissal or denial.   ECF No. 102.   For the reasons explained below, Petitioner's § 2255 motion is **DISMISSED AND DENIED**.

## I. BACKGROUND

In June of 2022, a grand jury returned an indictment charging Petitioner with two counts, a conspiracy to acquire firearms through a straw purchaser, and possession of a firearm by a convicted felon.   ECF No. 3.   On August 16, 2022, Petitioner entered a written plea agreement and pled guilty to being a felon

---

[1] The Court has also received and considered a document filed by Petitioner titled "Memorandum," filed on the docket at ECF No. 88.

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 33. Petitioner did not plead guilty to the firearm conspiracy count. Id. A presentence investigation report ("PSR") was prepared, and on May 3, 2023, Petitioner appeared before another judge of this Court and was sentenced to thirty-seven months' imprisonment. ECF No. 72.

Petitioner did not file a direct appeal, but did timely file his § 2255 motion. ECF No. 83. Shortly after the motion was filed, Petitioner's § 2255 case was transferred to the undersigned judge. ECF No. 86. After transcripts were prepared and an affidavit was provided by Petitioner's former counsel, the Government filed its motion to dismiss, ECF No. 99, and Petitioner filed a reply brief, ECF No. 102. This matter is therefore ripe for review.[2]

## II. STANDARD OF REVIEW

A federal prisoner may collaterally challenge their conviction or sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum

---

[2] Before the Government's responsive filing was due, Petitioner filed a "motion to amend" his § 2255 motion seeking to add two new claims alleging ineffective assistance of counsel. ECF No. 97. The Government does not challenge the timeliness of these new claims or otherwise oppose the request to amend, but rather, asserts that the new claims are not proper in a § 2255 motion and fail on the merits. ECF No. 99, at 6. The Court therefore considers all of Petitioner's claims for § 2255 relief.

2

authorized by law, or [the sentence or conviction] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim that defense counsel provided ineffective assistance, a type of constitutional violation, is appropriately advanced for the first time in a § 2255 motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).[3] A petitioner must prove an ineffective assistance claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The Sixth Amendment guarantees that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Applying the Sixth Amendment, the Supreme Court has held that the right to counsel is the right to "effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 685 (1984). To obtain relief based on an allegation of ineffective assistance, a petitioner must typically establish that: (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the petitioner. Id. at 687-88.

---

[3] Unlike ineffective assistance claims that are appropriately brought in a § 2255 motion, new claims that directly allege that the district court committed a constitutional error are barred by the doctrine of "procedural default." United States v. Frady, 456 U.S. 152, 166 (1982). This doctrine generally precludes consideration of the merits of newly advanced claims unless a petitioner can show: (1) "cause" excusing the failure to directly appeal the newly alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Alternatively, "in an extraordinary case," a petitioner can overcome their procedural default by demonstrating factual innocence. United States v. Jones, 758 F.3d 579, 583 (4th Cir. 2014) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

With respect to performance, the Constitution does not guarantee errorless representation, meaning that a petitioner must demonstrate that their counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 687. Because reviewing courts strongly presume that counsel exercised reasonable professional judgment, id. at 689, it is only in "relatively rare situations" that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690). As "it is all too easy" to challenge an act, omission, or strategy after it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight" by "evaluat[ing] the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Ultimately, the "basic lesson" of Strickland is not just deference but high deference, and attorneys "can be selective and strategic without risking an ineffective assistance of counsel claim." United States v. Mason, 774 F.3d 824, 828, 830 (4th Cir. 2014).

Considering Strickland's prejudice prong, a petitioner must ordinarily "affirmatively prove" that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland,

4

466 U.S. at 693-94.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."   Id. at 694.

### III. DISCUSSION

#### A. Ineffective Assistance – Inoperable Firearm

Petitioner first contends that defense counsel provided constitutionally ineffective assistance by failing to move to dismiss the § 922(g) felon in possession charge based on the fact that the firearm he possessed was inoperable.   ECF No. 83, at 5. As argued by the Government in response, Petitioner fails to demonstrate that defense counsel had a viable basis to move to dismiss the indictment based on the fact that the firearm lacked a working "firing pin."   ECF No. 99, at 6-7.

Federal statute defines a firearm as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C. § 921(a)(3).   Consistent with this statutory text — most notably the "designed to" clause — Petitioner's suggestion that his counsel should have challenged the validity of the indictment necessarily fails.   This is so because "[a] gun is still a gun — a weapon designed to expel a projectile by means of explosive action — even though it is in bad condition and can be restored to working condition only by a gunsmith."   United States v. Dotson, 712 F.3d 369, 370 (7th Cir. 2013); see United States v. Willis, 992 F.2d 489, 491 n.2 (4th Cir. 1993) (noting, in dicta, that

§ 921(a)(3) is written broadly enough to include inoperable firearms, and recognizing that other courts of appeals "have held consistently that there is no requirement that a firearm be operable in order to satisfy the definition contained in § 921(a)(3)") (citations omitted); United States v. Smith, 165 F.3d 913, 1998 WL 792271, at *2 (4th Cir. 1998) (unpublished) ("[T]here is no requirement that a firearm be operable in order to satisfy the definition of firearm under § 921(a)(3).").

In light of the statutory definition of "firearm," and the persuasive case law from within and outside the Fourth Circuit, Petitioner fails to demonstrate that his lawyer erred by failing to challenge the indictment. Cf. ECF No. 34 ¶ 4 (reflecting Petitioner's stipulation at the time of his plea that the firearm in question met the legal definition of "firearm" under § 921(a)(3)). Separately, because Petitioner fails to demonstrate that a challenge to the § 922(g) charge had a reasonable probability of success, he also fails to demonstrate Strickland prejudice. Petitioner's first § 2255 claim is therefore **DENIED**.

## B. Ineffective Assistance - Prior Convictions in the PSR

Petitioner's second § 2255 claim argues that defense counsel was constitutionally deficient for failing to challenge "prior convictions in [the] PSR," failing "to get the best plea deal," and failing "to ensure that the PSR reflected the actual conviction rather than the original charge." ECF No. 83, at 6. However, as

6

highlighted in the Government's opposition, Petitioner offers no explanation as to which prior convictions were improperly reported in the PSR, nor does he effectively explain how a more favorable plea deal could have been secured or how the PSR erroneously reflects the crime he pled guilty to. In his reply brief, Petitioner states that he "decided not to submit [his] argument for ground 2" and that the "government is right" that this claim is not cognizable in a § 2255 motion. ECF No. 102.

In light of Petitioner's decision not to pursue this claim and concession that it is not cognizable, Ground Two is **DISMISSED**. Alternatively, based on Petitioner's reliance solely on conclusory allegations, this claim is **DENIED** on the merits as Petitioner does not identify any error committed by counsel during plea negotiations or while evaluating Petitioner's past or prior conviction as listed in the PSR. He also does not demonstrate a reasonable probability of a different outcome had counsel performed differently. In short, "vague and conclusory allegations" are insufficient to carry Petitioner's burden as to either prong of Strickland, and the instant claim is therefore "disposed of without further investigation." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

## C. Ineffective Assistance – Mitigating Role

Petitioner's third § 2255 claim argues that defense counsel was constitutionally deficient for failing to challenge the fact

that the Guideline calculation in this case did not include a mitigating role adjustment under U.S.S.G. § 3B1.2.[4] The Government challenges such claim, asserting that Petitioner "played an essential, critical role in the scheme" and that Petitioner cannot demonstrate that he was substantially less culpable than the average participant. ECF No. 99, at 9-10.

Addressing the first part of the Government's argument, the case cited by the Government for the proposition that the "critical inquiry" is whether Petitioner's conduct was "essential" to the criminal scheme is not compelling due to a 2015 amendment to the Guideline Application Notes. The guidance in the Application Notes in force since 2015 expressly states that "the fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.3 App. n.3(C); see United States v. Carbajal, 717 F. App'x 234, 240 (4th Cir. 2018) (explaining that "Amendment 794 [modifying the

---

[4] The Government's opposition brief seeks dismissal of Ground Three, along with other grounds, based on citations to caselaw establishing that direct challenges to the Sentencing Guideline are generally not cognizable in a § 2255 motion. ECF No. 99, at 8. The Government, however, fails to cite any cases suggesting that § 2255 claims alleging constitutionally ineffective assistance based on counsel's mishandling of the Guidelines are also not cognizable in a § 2255, nor does it distinguish controlling authority indicating the contrary. See United States v. Carthorne, 878 F.3d 458, 466 (4th Cir. 2017) ("Counsel must demonstrate a basic level of competence regarding the proper legal analysis governing each stage of a case" and therefore "may be constitutionally required to object when there is relevant authority strongly suggesting that a sentencing enhancement is not proper"). Accordingly, the Court does not take up the Government's arguments seeking "dismissal" of Ground Three and instead addresses the merits of this ineffective assistance claim.

Application Notes] abrogates [the Fourth Circuit's] prior holding[s]" on the role reduction Guideline section).

Notwithstanding the Government's partial reliance on a superseded standard, the Government is correct that Petitioner fails to demonstrate that he received constitutionally deficient representation. As explained above, the Court must reconstruct defense counsel's conduct without "the distorting effects of hindsight." Strickland, 466 U.S. at 689. After doing so, it is clear that counsel had a strategic reason (seeking to preserve a Guideline credit for acceptance of responsibility) for limiting his sentencing objections to challenging a 4-level enhancement for Petitioner's ammunition possession — an objection that was overruled, but plainly colorable.[5] Furthermore, although defense counsel did not seek a formal role reduction, counsel did in fact seek leniency at sentencing based on Petitioner's "role" by expressly arguing that, as to the gun Petitioner possessed, "he wasn't the purchaser," he "wasn't trying to arm himself," and he "wasn't trying to get anything for himself." ECF No. 90, at 34. Rather, Petitioner was merely "there with somebody else." Id.

---

[5] Even having advanced only one objection that defense counsel sought to characterize as a legal challenge in order to preserve the acceptance credit, ECF No. 90, at 22, Petitioner still lost the benefit of acceptance in part because the Court believed that he was attempting to minimize his culpability. Fortunately, defense counsel convinced the Court to impose a variance sentence below the Guideline range based on the fact that Petitioner pled guilty and had admitted that he personally possessed a firearm. Had defense counsel attempted to further minimize Petitioner's conduct by arguing that he deserved a minor role reduction, the downward variance may not have been awarded.

9

In addition to Petitioner's failure to demonstrate deficient performance, Petitioner falls far short of demonstrating that a role reduction motion would have had a reasonable probability of success.  Petitioner's § 2255 filings appear to rely on factually inconsistent positions as he argues that he had nothing to do with the gun trafficking conspiracy charged in his case, ECF No. 102, at 3, and yet he seeks to receive a benefit for being a minor player in jointly undertaken criminal conduct.  Notably, the Guideline role reduction provision is only applicable when "more than one participant was involved in the offense."  U.S.S.G. § 3B1.2 App. n.2.

Adding further context to the slim likelihood that a role reduction motion would have succeeded, record evidence established that Petitioner: (1) told officers shortly after his arrest that he was aware that his codefendant (Brown) was bringing Petitioner to a hotel room so that Brown could acquire firearms (though this admission does not itself demonstrate that Petitioner willingly joined the gun trafficking conspiracy); (2) was in possession of ammunition in his home separate and apart from possessing the firearm in the hotel room (which is a second violation of § 922(g)(1)); (3) was selling cocaine and heroin; and (4) lied to federal agents.  ECF No. 68 ¶¶ 6.7, 9; ECF No. 90, at 49-50.  As to the planned firearm purchase, Petitioner cannot have been uninvolved in the gun trafficking conspiracy while also playing a

minor role in it, and defense counsel therefore had good reason not to concede Petitioner's involvement in more serious criminal conduct only to then seek a role reduction. As to the conduct involving possession of a firearm by a felon, the latter three aggravating factors collectively undermined any real possibility of securing a Guideline role reduction in this case. See ECF No. 90, at 48-50 (reflecting the sentencing judge's belief that Petitioner was continuing to violate the law after his arrest for possessing the gun as he was found seven months later with drugs and ammunition and thereafter lied to federal agents).

Accordingly, Petitioner's collateral challenge fails to demonstrate either that counsel performed so deficiently that he committed a constitutional error[6] or that a motion seeking a Guideline role reduction would have had a reasonable chance of success.[7] Accordingly, Petitioner's ineffective assistance claim fails both prongs of Strickland, and it is **DENIED** on the merits.

---

[6] Petitioner does not point to any case law that his counsel overlooked that would have supported a role reduction on this record. See Carthorne, 878 F.3d at 466 (explaining that defense counsel "may be constitutionally required to object when there is relevant authority strongly suggesting" that the Guidelines were miscalculated) (emphasis added).

[7] In addition to the above aggravating facts, a role reduction objection would have had a reduced chance of success because Petitioner was held accountable only for his own conduct of possessing a firearm, a crime he personally committed based on: (1) a weapon he held in his own hand; and (2) his own personal status as a felon. Cf. United States v. Gray, 544 F. App'x 870, 897 (11th Cir. 2013) ("[T]he court did not err in declining to apply a minor-role reduction, because [the defendant] was convicted of possessing a firearm as a felon, an offense in which he was the sole perpetrator."). To the extent this possession was fleeting, the ability to successfully leverage this fact was lost when Petitioner's arrest did not deter him from continuing to engage in criminal conduct.

11

### D. Ineffective Assistance - § 922(g) Unconstitutional

Petitioner's fourth claim, which he identifies as the "most important" of his claims, asserts that his lawyer was ineffective for failing to invoke recent developments in Supreme Court precedent to argue that 18 U.S.C. § 922(g) is unconstitutional <u>as applied</u> to non-violent felons.  ECF No. 102, at 13.  Relying on <u>New York State Rifle & Pistol Association, Inc. v. Bruen</u>, 597 U.S. 1 (2022), Petitioner asserts that: (1) his status as a non-violent felon who had some of his civil rights restored qualifies him as part of "the people" who have the right to bear arms under the Second Amendment;[8] and (2) that there is no historical tradition of disarming non-violent felons.  <u>Id.</u> at 13-15.  As the argument goes, because Petitioner is non-violent,[9]  § 922(g) "as applied" to Petitioner is unconstitutional because permissible bans on gun possession by felons are grounded in the felon's dangerousness to society.   Because this issue is presented as an ineffective assistance claim, the resolution of the claim ultimately turns on: (1) whether counsel was constitutionally ineffective for failing to file a <u>Bruen</u> motion; and (2) whether such a challenge had a reasonable probability of success.

---

[8] Though the Court accepts Petitioner's representations that he completed the process of having some of his civil rights restored, he acknowledges in his unsigned § 2255 "affidavit" that his right to possess a gun had <u>not</u> been restored.  ECF No. 97-1, at 5; <u>see also</u> ECF No. 34 ¶ 1.

[9] The Court assumes, without deciding, that Petitioner is appropriately characterized as "non-violent."

First, contrary to Petitioner's arguments, the constitutional test established by Bruen does not control this case as the Supreme Court's Bruen opinion did not abrogate controlling Fourth Circuit precedent upholding the constitutionality of laws categorically disarming all felons. United States v. Hunt, 123 F.4th 697, 700 (4th Cir. 2024). To briefly explain, although Bruen materially changed one part of the two-part test dictating whether gun control laws are constitutional, this change left "the 'presumptive lawfulness' of felon in possession statutes undisturbed." United States v. Riley, 635 F. Supp. 3d 411, 422 (E.D. Va. 2022). To the extent that there was previously room for disagreement on this issue, the matter was conclusively resolved last month, when the Fourth Circuit held that "neither Bruen nor United States v. Rahimi, 602 U.S. 680 (2024) abrogates this Court's precedent foreclosing as-applied challenges to Section 922(g)(1) and those decisions thus remain binding." Hunt, 123 F.4th at 702. In light of Hunt, it is clear both that Petitioner's counsel did not err and that Petitioner suffered no Strickland prejudice from the absence of a motion to dismiss the § 922(g) charge.

Second, as further acknowledged by the Fourth Circuit in Hunt, even if this Court analyzed the merits of Petitioner's as-applied challenge "unconstrained by [the Fourth Circuit's] pre-Bruen precedent," Petitioner's challenge would still fail "both parts of [the Bruen] test." Hunt, 123 F.4th at 704. As to the first part

13

(whether Petitioner is part of "the people" protected by the Second Amendment), possession of a firearm by a felon is conduct that "falls outside the scope of the Second Amendment right as originally understood." Id. at 705 (cleaned up). As to the second part of the test (whether non-violent felons can be disarmed consistent with historical tradition), the Fourth Circuit recently explained that history supports disarming felons as a class such that an "individualized determination of dangerousness as to each person" in that class is unnecessary. Id. at 707 (quoting United States v. Jackson, 110 F.4th 1120, 1128 (8th Cir. 2024)). In other words, there is simply "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)" — it is constitutional as applied to all felons. Id. at 708 (quoting Jackson, 110 F.4th at 1125).

Although the effect of Bruen was unsettled at the time Petitioner pled guilty, and defense counsel surely could have raised a Bruen challenge, Petitioner fails to demonstrate that counsel had a constitutional obligation to file such a motion, or that there is a reasonable probability that such a motion would have succeeded. Accordingly, Petitioner's final § 2255 ineffective assistance claim is **DENIED**.

### E. Direct Claim - § 922(g) Unconstitutional

Petitioner's fifth claim, advanced in his § 2255 "memorandum" filed at ECF No. 88, is another species of Bruen challenge. This

claim does not attack defense counsel's performance, but instead directly asserts that the Court should vacate Petitioner's § 922(g) conviction due to a Second Amendment violation. ECF No. 88, at 5. Although the Government's opposition brief focuses on the ineffective assistance Bruen claim, the Government does invoke the doctrine of procedural default based on Petitioner's failure to raise a Bruen challenge on direct appeal. ECF No. 99, at 6.

The Court agrees with the Government that, to the extent Petitioner advances a direct claim under Bruen, such claim is defaulted and Petitioner has not demonstrated a valid basis to excuse his procedural default. Accordingly, Petitioner's direct Bruen claim is **DISMISSED**. Alternatively, even if this claim were procedurally proper, it would be **DENIED** on the merits for the same reasons explained in the preceding section.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 ineffective assistance claim challenging counsel's handling of his criminal history (Ground Two) is **DISMISSED** as Petitioner elected not to proceed on this claim and conceded that it was not cognizable. Petitioner's direct Bruen claim is also **DISMISSED** as it is procedurally defaulted. Furthermore, these two grounds, as well as the other three ineffective assistance of counsel claims, are all **DENIED** on the merits.

Finding that the procedural basis for dismissal is not debatable, and separately finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**.  28 U.S.C. § 2253(c); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a).  If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order.  Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to Petitioner and to counsel for the Government.

**IT IS SO ORDERED.**

/s/ [signature]
_____
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 15, 2025